**IT IS SO ORDERED.**

**Dated:  04:28 PM  May 10 2012**

MARILYN SHEA-STONUM
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. **10-50494** |
| | ) | |
| **Fair Finance Company**, | ) | CHAPTER **7** |
| DEBTOR | ) | |
| | ) | |
| | ) | **ADVERSARY NO.  12-5022** |
| **Brian A. Bash**, | ) | |
| PLAINTIFF, | ) | JUDGE MARILYN SHEA-STONUM |
| | ) | |
| vs. | ) | **PROPOSED FINDINGS OF FACT** |
| | ) | **AND CONCLUSIONS OF LAW** |
| **Black Rock Acquisition Corp.**, | ) | **IN SUPPORT OF ENTRY OF** |
| | ) | **JUDGMENT BY DEFAULT** |
| DEFENDANT | | |

This matter comes before the Court on a complaint setting forth two claims for relief:  (1) the avoidance and recovery of actual fraudulent transfers under Ohio Revised Code § 1336.04 and/or Indiana Code § 32-18-2-14 and (2) the avoidance and recovery of constructive fraudulent transfers under Ohio Revised Code § 1336.05 and/or Indiana Code § 32-18-2-15.

To date, defendant has not filed an answer or other responsive pleading. On March 2, 2012, plaintiff filed an application for entry of default [docket #7] pursuant to Federal Rule of Civil Procedure 55(a) (made applicable in Bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7055). An entry of default was entered by the Clerk of this Court on March 2, 2012 [docket #8].

On April 12, 2012, plaintiff filed a motion asking that this Court make findings of fact and conclusions of law, and requesting the entry of judgment against defendant by default, relying upon the affidavit of Howard L. Klein, in the sum certain total amount of $838,900.00, plus post-judgment interest on the judgment as specified in 28 U.S.C. § 1961 (the "Motion") [docket #10].

This adversary proceeding arises in a case referred to this Court by the Standing Order of Reference entered in this District on July 16, 1984 ("District Court General Order 84") and Order No. 2012-7 entered in this District on April 4, 2012.[1] This Court is submitting the following proposed findings of fact and conclusions of law pursuant to Order 2012-7 and Federal Rule of Bankruptcy Procedure 9033.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Court determines that the claims raised by plaintiff in his complaint are "core" proceedings pursuant to 28 U.S.C. § 157(b)(2)(H). A bankruptcy court is authorized to enter a final judgment in a core proceeding unless doing so would exceed the court's constitutional authority. *Stern v Marshall,* __ U.S. __, 131 S.Ct. 2594 (2011). Whether or not this Court would exceed its constitutional authority by entering final judgment on plaintiff's claims need not be decided in this matter because plaintiff, in his Motion, has requested that final judgment be entered by the

---

[1] On April 4, 2012, after this adversary proceeding was filed, District Court General Order 2012-7 superseded District Court General Order 84.

U.S. District Court for the Northern District of Ohio (the "District Court").

In support of plaintiff's requested relief of default judgment, plaintiff filed an affidavit of Howard L. Klein, which supported the existence of the alleged transfers [Exhibit A to the Motion] (the "Support Affidavit"). The remaining elements of each claim for relief are uncontroverted. This Court has reviewed the Support Affidavit and hereby submits proposed findings of fact and conclusions of law to the district court. Based upon the proposed findings of fact and conclusions of law, it is the recommendation of this Court that the Motion be granted and that it be determined: Defendant is liable for the amount of $838,900.00, based upon the findings that the transfers that are the subject of the Complaint are actual fraudulent transfers under Ohio Revised Code § 1336.04 and/or Indiana Code § 32-18-2-14 and constructive fraudulent transfers under Ohio Revised Code § 1336.05 and/or Indiana Code § 32-18-2-15.

Accordingly, the following proposed findings of fact and conclusions of law are hereby submitted to the District Court pursuant to 28 U.S.C. § 157(c)(1), Federal Rule of Bankruptcy Procedure 9033(a), and General Order No. 2012-7.

There have been motions to withdraw the reference filed in other Fair Finance adversary proceedings. Those cases have been assigned to Judge Patricia Gaughan under the District Court's related case rule. It is the opinion of this judicial officer that the related case rule would extend to the submission of these proposed findings of fact and conclusions of law. Therefore, I have asked the bankruptcy clerk's office to coordinate this submission to Judge Gaughan's docket.

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter comes before the Court on the *Plaintiff's Motion for Proposed Findings of Fact and Conclusions of Law Recommending Entry of Default Judgment Without a Hearing* (the "**Motion**") filed by Brian A. Bash, the Chapter 7 Trustee for Fair Finance Company (the "**Debtor**"). Based upon the Motion, the Declaration of Howard L. Klein attached to the Motion and the accompanying exhibits, and the pleadings in this adversary proceeding, the Court makes the following findings of fact and conclusions of law.

**I.     FINDINGS OF FACT**

   **A.     Parties**

   1.     Brian A. Bash is the Chapter 7 trustee (the "**Trustee**") for the Debtor.

   2.     Defendant Black Rock Acquisition Corporation (the "**Defendant**") is a corporation organized under the laws of the State of Indiana.

   3.     The Defendant has not answered the Complaint in this matter or filed a response to the Trustee's Motion.

   4.     As a result of the Defendant's failure to answer or otherwise respond to the Complaint, the Defendant is deemed to have admitted the allegations in the Complaint. *Antonie v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995).

   **B.     The Transfers**

   5.     DC Investments ("**DCI**") and Diamond Investments LLC ("**Diamond**," and together with DCI, the "**Transferors**") transferred a total of $838,900.00 to the Defendant (the "**Transfers**"), a list of which Transfers is attached to the Complaint as Exhibit A.

   6.     The Debtor was a creditor with one or more claims against the Transferors before 2006 and remained a creditor of the Transferors through the filing of the Complaint.

## II. CONCLUSIONS OF LAW

### A. Jurisdiction

7. This Court has subject matter jurisdiction to issue these proposed findings of fact and conclusions of law under 28 U.S.C. § 157. The claims in this case are "related to" the Debtor's bankruptcy case because they assert claims belonging to the Debtor and will increase the assets of the Debtor's estate for the benefit of the Debtor's creditors. Because these claims are "related to" the Debtor's bankruptcy case, this Court may issue proposed findings of fact and conclusions of law regardless of whether these claims are core or non-core.

8. This Court has personal jurisdiction over the Defendant under Rule 7004 of the Federal Rules of Bankruptcy Procedure. On January 24, 2012, the Clerk of this Court issued a summons to Defendant [docket #3]. On that same date, according to the Certificate of Service filed with the Court, the Trustee served the Complaint, pretrial order, and Summons on the Defendant at its last known address via first class mail, postage pre-paid [docket #5].

9. Venue is proper under 28 U.S.C. § 1409(a).

### B. The Transfers

10. The Debtor is a creditor of the Transferors entitled to avoid transfers made by the Transferors that were fraudulent as against the Debtor. Ohio Rev. Code Ann. § 1136.04(A); Ohio Rev. Code Ann. § 1136.05(A); Ind. Code § 32-18-2-14; Ind. Code § 32-18-2-15.

11. The Debtor's claims against the Transferors arose before the Transfers were made by the Transferors. Ohio Rev. Code Ann. § 1336.04(A); Ohio Rev. Code Ann. § 1336.05(A) and (B); Ind. Code § 32-18-2-14; Ind. Code § 32-18-2-15.

12. The Transfers are avoidable fraudulent transfers because the Transferors made the Transfers with the actual intent to hinder, delay or defraud the Debtor. Ohio Rev. Code Ann. § 1336.04(A)(1); Ind. Code § 32-18-2-14(1).

13. The Transfers are avoidable fraudulent transfers because at the time of each of the Transfers, the Transferors were engaged or were about to engage in a business or transaction for which their remaining assets were unreasonably small in relation to the business or transaction. Ohio Rev. Code Ann. § 1336.04(A)(2)(a); Ind. Code § 32-18-2-14(2)(A).

14. The Transfers are avoidable fraudulent transfers because at the time of each of the Transfers, the Transferors intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due. Ohio Rev. Code Ann. § 1336.04(A)(2)(b); Ind. Code § 32-18-2-14(2)(B).

15. The Transfers are avoidable fraudulent transfers because the Transfers were each made without receiving a reasonably equivalent value in exchange for the Transfers. Ohio Rev. Code Ann. § 1336.04(A)(2); Ohio Rev. Code Ann. § 1336.05(A); Ind. Code § 32-18-2-14(2); Ind. Code § 32-18-2-15(1).

16. The Transfers are avoidable fraudulent transfers because the Transferors were insolvent at the time of each of the Transfers, or became insolvent as a result of the Transfers. The Transferors have not contested the allegation that they were insolvent, or became insolvent, because both the sum of their debts exceeded their assets at a fair valuation and they were unable to pay their debts as they became due. Ohio Rev. Code Ann. § 1336.04(B)(9); Ohio Rev. Code Ann. § 1336.05(B); Ind. Code § 32-18-14(B); Ind. Code § 32-18-2-15(2)(A) and (B).

17. The Transfers were made in the four-year period preceding the Petition Date. Ohio Rev. Code Ann. § 1336.09; Ind. Code § 32-18-2-19.

**ACCORDINGLY**, this Court recommends that the District Court enter a judgment providing as follows:

a) On Counts I and II of the Complaint in this matter, entry of a judgment finding that the transfers that are the subject of the Complaint, as listed on Exhibit A to the Complaint, are avoidable as fraudulent transfers under Ohio's Uniform Fraudulent Transfer Act (Ohio Revised Code 1336.01, *et seq.*) and Indiana's Uniform Fraudulent Transfer Act (Indiana Code 32-18-2-1, *et seq.*); and

b) On Counts I and II of the Complaint in this matter, entry of a judgment in favor of the Trustee and against the Defendant in the amount of *$838,900.00*; and

c) On all Counts, entry of a judgment granting post-judgment interest on the judgment as specified in 28 U.S.C. § 1961.

# # #

cc (*via* electronic mail):
    Alexis Osburn    *as counsel for*    Brian Bash
    Nicholas White    *as counsel for*    Brian Bash

cc (*via* regular mail):
    Black Rock Acquisition Corp.    Defendant, pro se